UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **MARIO MALDONADO MORENO,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 7:23-cv-616-AMM-JHE |
| **JONATHAN HORTON, et al.,** | ) |
| **Defendants.** | ) |

## **MEMORANDUM OPINION**

Plaintiff Mario Maldonado Moreno filed a *pro se* complaint seeking monetary damages or injunctive relief under 42 U.S.C. § 1983 for violations of his civil rights. Doc. 1. On April 5, 2024, the magistrate judge entered a report recommending the court dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted. Doc. 9. Specifically, the magistrate judge concluded that Mr. Moreno's constitutional claims against the defendants, which accrued in 2018, are barred by Alabama's two-year statute of limitations. Doc. 9 at 3–5. Mr. Moreno has filed objections to the report and recommendation. Doc. 12.

Mr. Moreno contends that his claims should not be subject to a time-bar because he is from Mexico, speaks little English, and is not familiar with Alabama law. Doc. 12 at 1–2. Thus, Mr. Moreno appears to assert that he is entitled to equitable tolling.

Equitable tolling "pauses the running" of a statute of limitations "when a litigant has pursued his rights diligently[,] but some extraordinary circumstance prevents him from bringing a timely action." *Fedance v. Harris*, 1 F.4th 1278, 1284 (11th Cir. 2021) (cleaned up). Extraordinary circumstances exist where there is some affirmative misconduct such as deliberate concealment, fraud, or misinformation. *Jackson v. Astrue*, 506 F.3d 1349, 1355 (11th Cir. 2007). A plaintiff bears the burden of establishing both diligence and extraordinary circumstances. *See Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016); *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006).

Mr. Moreno does not allege any facts which would establish that he has been pursuing his rights diligently. *See Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (holding that the prisoner failed to show he acted with reasonable diligence where he did not present any evidence showing what efforts he undertook to attempt to seek timely federal relief). In addition, Mr. Moreno fails to demonstrate that an extraordinary circumstance prevented him from filing a timely action.

A *pro se* litigant is deemed to know of the applicable statute of limitations, and confusion or ignorance about the law does not constitute an extraordinary circumstance. *See Wakefield v. Railroad Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."). Moreover, a party's difficulty with the English language alone is

insufficient grounds to justify equitable tolling. *See United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005); *Aureoles v. Sec'y, Dep't of Corr.*, 609 F. App'x 623, 624 (11th Cir. 2015) ("[A]llegations of an inability to understand English and a lack of formal education did not establish extraordinary circumstances that warranted equitable tolling."). Indeed, Mr. Moreno has been able to litigate this action thus far despite his alleged limitations. Accordingly, Mr. Moreno's objections, Doc. 12, are **OVERRULED**.

After careful consideration of the record in this case, the magistrate judge's report, and Mr. Moreno's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b)(1), this action is due to be dismissed without prejudice for failing to state a claim upon which relief may be granted.

A Final Judgment will be entered.

**DONE** and **ORDERED** this 1st day of July, 2024.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE